PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| DARNETTA L COLBERT, | ) | |
| | ) | CASE NO.  5:20-CV-2234 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **MEMORANDUM OF OPINION &** |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 25] |


The assigned magistrate judge issued a Report and Recommendation (ECF No.24)

affirming Defendant's final decision denying Period of Disability ("POD"), Disability Insurance

Benefits ("DIB"), and Social Security Income ("SSI") to Plaintiff.  Plaintiff objects to the Report

and Recommendation.  ECF No. 25.  The Commissioner responded (ECF No. 26), directing the

Court to its initial briefing on the merits (ECF No.24).  For the reasons below, Plaintiff's

objections (ECF No. 25) are overruled, and the Report and Recommendation (ECF No. 24) is

adopted.

The Report and Recommendation thoroughly narrates the extensive procedural history,

medical evidence, and hearing testimony.  The Court presumes the parties' familiarity with this

case's extensive background and discusses only facts relevant to the objections now before the

Court.

(5:20-CV-2234)

## II. Standard of Review

When a magistrate judge submits a report and recommendation, the Court is required to conduct a *de novo* review of the portions of the report and recommendation to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections must be specific, not general, to focus the Court's attention on contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court's *de novo* review of the ALJ's decision invited by Plaintiff's objections to the Report and Recommendation is "limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec. of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (*per curiam*).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (*per curiam*). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). This standard "allows considerable latitude to administrative decision makers. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730

(5:20-CV-2234)

F.2d1147, 1150 (8th Cir. 1984)).  In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and consider that which fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

### III. Analysis

Plaintiff raises three objections.  The first objection argues that the magistrate judge improperly found that Plaintiff's constitutional challenge fails.  The second objection argues that the magistrate judge improperly analyzed Plaintiffs' exacerbations.  The third objection argues that the magistrate judge erred when he found that Plaintiff is not entitled to a Sentence Six Remand.  The Court overrules each of Plaintiff's Objections.

### A.  Plaintiff's Constitutional Challenge

The first objection argues that the magistrate judge "improperly found" that Plaintiffs constitutional challenge fails.  This objection is overruled because Plaintiff makes no logical legal argument for the Court to find otherwise.

Plaintiff's constitutional objection is made up of multiple parts.  The first part argues that the ALJ was acting on improperly delegated authority, which, alone, requires remand.  Plaintiff posits that because ALJs serve under delegated authority of the Commissioner, all decisions they made under a Commissioner serving under an unconstitutional removal provision are infirm.  Plaintiff however cites no law to support this bold assertion.  Moreover this assertion is contrary to law because it at odds with *Collins* that requires compensable harm stemming from an unconstitutional removal provision.  *Collins v. Yellen*, 141 S. Ct. 1761, 1788–89 (2021).

In this objection, Plaintiff repackages an argument that was dismissed by the magistrate judge---that statements President Biden made about the firing of Andrew Saul shows

(5:20-CV-2234)

compensable harm to Plaintiff.  The magistrate judge dismissed the argument because Plaintiff was not specific enough about the statements in question.  *See* ECF No. 25 at PageID #: 2205. To address this issue, Plaintiff now cites a news article from *Federal News Network* to support her assertion.[1]  However, the article cited has no direct quotes from President Biden but rather only contains musings from officials.  Moreover Plaintiff's argument specifically clings to what it "appeared President Biden believed." *Id*.  What "it appears President Biden believed" is far from the "public statement by the President" mentioned in the hypothetical in *Collins*.  *See Collins*, 141 S. Ct. 1761, 1788–89.  Furthermore, other courts have determined that even when actual public statements from President Biden regarding the termination of Commissioner Saul are considered, these are not enough to show compensable harm unless Plaintiff can show how the statement relates to the specific issues present in Plaintiff's case.  *See Ramos v. Comm'r of Soc. Sec.*, No. 1:20-cv-01606-EPG, 2022 *WL* 105108, at *4 (E.D. Cal. Jan. 11, 2022).

Lastly, Plaintiff argues that the ALJ made an error when the ALJ partially relied on an opinion of a previous, "improperly appointed" ALJ.  This argument fails, however, because this itself is not an error that requires a remedy.  Plaintiff points to no law that would allow the Court to reach back and declare the decision of that previous ALJ unreliable.  *Jones v. Comm'r of Soc. Sec.*, No. 5:20-CV-02065-CEH, 2022 WL 118183, at *7 (N.D. Ohio Jan. 12, 2022) (finding no authority that requires the Court to "reach back" to a decision to a previous ALJ and find it improper in such a collateral fashion).

---

[1] Nicole Ogrysko, Biden Fires Saul as SSA Commissioner, Federal News Network, (July 9, 2021, 5:28 PM), https://federalnewsnetwork.com/people/2021/07/biden-fires-saul-as-ssa-commissioner/.

4

(5:20-CV-2234)

The Court therefore overrules Plaintiffs first objection because Plaintiff's constitutional argument lacks merit.[2]

## B. Error at Step 3 & Plaintiff's Exacerbations

In the next objection, Plaintiff argues that the magistrate judge improperly focused on the length of the exacerbations suffered by Plaintiff when the magistrate judge should have remanded on the fact that there were exacerbations alone. Ultimately, Plaintiff argues that the ALJ erred at Step Three of the Sequential Evaluation.

This objection mischaracterizes the Report and Recommendation. The magistrate judge did not just consider the length of the exacerbations, the magistrate judge also found that Plaintiff has presented no argument that the exacerbations were severe enough to be the "marked findings" required to satisfy a listing at Step Three. *See* ECF No. 24 at PageID#: 1998. Plaintiff's argument about the condition waxing and waning does not adequately dispute this finding and is inapposite here. The Court concurs with the magistrate judge's assessment of the deficiencies of Plaintiff's argument. Therefore, the Court overrules Plaintiff's second objection.

---

[2] Although the Constitutional issues raised by Plaintiff have not been conclusively decided by the Circuit, multiple Courts in this district, this circuit, and districts around the Country have found this sort of constitutional argument, and similar versions of it to lack merit. *See generally Jones v. Comm'r of Soc. Sec.*, No. 5:20-CV-02065-CEH, 2022 WL 118183, at *7 (N.D. Ohio Jan. 12, 2022); *Klapp v. Comm'r of Soc. Sec. Admin.*, No. 5:20-CV-02850-JDG, 2022 WL 310228, at *12–15 (N.D. Ohio Feb. 2, 2022); *Rhonda W. v. Comm'r of Soc. Sec.*, No. 2:20-CV-5931, 2022 WL 390802, at *7–8 (S.D. Ohio Feb. 9, 2022). *Francisco v. Kilolo Kijakazi, Acting Comm'r Of Soc. Sec.., No. 20-CV-01768-KSC, 2022 WL 370957, at *7–8 (S.D. Cal. Feb. 8, 2022); Ramos v. Comm'r of Soc. Sec.*, No. 1:20-cv-01606-EPG, 2022 *WL* 105108, at *4 (E.D. Cal. Jan. 11, 2022); *Michele T. v. Comm'r of Soc. Sec.*, -- F. Supp. 3d --, 2021 WL 5356721 (W.D. Wash. Nov. 17, 2021).

(5:20-CV-2234)

### C.  Sentence Six Remand & 2019 MRI

In the final objection, Plaintiff claims that the magistrate judge "misinterpreted Plaintiff's argument" and found that a Sentence Six remand was not appropriate, because the ALJ failed to consider evidence that Plaintiff's condition worsened after her hearing.  As evidence for this claim, Plaintiff states that the 2019 MRI was new and material evidence.

On this issue, it is Plaintiff's characterization of the magistrate judge's report and recommendation that is incorrect, not the other way around.  The magistrate judge specifically found that Plaintiff had not proven that the 2019 MRI was material, because Plaintiff has not shown that if the ALJ had been presented with the 2019 MRI it would have had a reasonable probability to cause the ALJ to reach a different disposition.  *See* ECF No. 24 at PageID#: 2001. The Court having reviewed the matter, concurs with the magistrate judge's assessment of the deficiencies of Plaintiff's argument.  Therefore, the final objection is overruled.

### Conclusion

Accordingly**,** for the reasons above, Plaintiff's objections (ECF No. 25) are overruled. The Report and Recommendation (ECF No. 24) is adopted.  Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.


February 24, 2022                                                    */s/ Benita Y. Pearson*
Date                                                                        Benita Y. Pearson
                                                                                United States District Judge

6